(12)

# CIVIL COVER SHEET

15   2203

il cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as
)cal rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the
tiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Rene Rodriguez

**DEFENDANTS**
Five Brothers Mortagage Company and Securing, Inc D/B/A Five Brothers, Inc.

**(b)** County of Residence of First Listed Plaintiff   Lehigh County, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Macomb County, Michigan
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael T. van der Veen
Law Offices of Michael T. van der Veen
1219 Spruce Street
Philadelphia, Pennsylvania 19107
215-546-1000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine   Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal   Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -   Product Liability | Leave Act | | Act |
| | Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other   ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -   Conditions of   Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1367

Brief description of cause:
Plaintiff was injuried as a result of negligent removal and disposal of hazardous waste by Defendant.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $  Excess of 150,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE                                       DOCKET NUMBER

DATE
04/23/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          APR 24 2015   JUDGE          MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _322 North Law Street, Allentown, PA 18102_

Address of Defendant: _13.20 East 13 mile Road, Warren, Michigan 48093_

Place of Accident, Incident or Transaction: _320 North Law Street, Allentown, PA 18102_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

*RELATED CASE. IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
 Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
 Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
 Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
 Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☑ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _Premise liability/strict liability_

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Michael T. van der Veen_, counsel of record do hereby certify:
☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _4/24/15_ _____ _75616_
Attorney-at-Law  Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4/24/15_ _____ APR 24 2015 _75616_
Attorney-at-Law  Attorney I.D.#

CIV. 609 (5/2012)

JLS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Rene Rodriguez                          :       CIVIL ACTION

v.                                      :

Five Brothers Mortagage Company         :       NO.
and Securing, Inc

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

| 4/24/15 | Michael T. van der Veen | Rene Rodriguez |
|---------|-------------------------|----------------|
| **Date** | **Attorney-at-law** | **Attorney for** |

| 215-546-1000 | 215-546-8529 | mtv@mtvlaw.com |
|--------------|--------------|----------------|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 24 2015

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

RENE RODRIGUEZ :
322 North Law Street :
Allentown, PA 18102 :
: **CIVIL ACTION**
             **Plaintiff,** :
v. : **NO.** 15 2203
:
FIVE BROTHERS MORTGAGE :
COMPANY SERVICES AND SECURING, :
INC. D/B/A FIVE BROTHERS, INC. : **JURY TRIAL DEMANDED**
12220 East 13 Mile Road :
Warren, Michigan 48093 :
:
             **Defendant.** :

---

## COMPLAINT

Plaintiff Rene Rodriguez by and through his attorney, Michael T. van der Veen, hereby brings this Complaint against Defendant Five Brothers Mortgage Company Services and Securing, Inc. doing business as Five Brothers, Inc. (herein after "Defendant Five Brothers, Inc.") and avers as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that both a substantial part of the events or omissions giving rise to the claims described in this Complaint occurred in this district.

## PARTIES

4.     Plaintiff Rene Rodriguez is an adult individual who at all times relevant hereto lived at 322 North Law Street, Allentown, Pennsylvania 18102.

5.     Defendant Five Brothers Mortgage Company Services and Securing, Inc. doing business as Five Brothers, Inc.is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 12220 East 13 Mile Road, Warren, Michigan 48093 and is licensed to conduct business in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

6.     Defendant Five Brothers, Inc. is a business that provided regulatory-compliant default management and mortgage technology solutions to allow commercial and residential mortgage services.

7.     Defendant Five Brothers, Inc. provides services to foreclosed homes by which individuals acting as agents of Five Brothers enters the home, removes any and all personal items of the prior inhabitant and preserves the condition of the house itself for the mortgage holder and/or financial institution.

8.     Prior to November 14, 2014, Defendant Five Brothers, Inc. took possession, custody and/or control of a foreclosed private residence located at 320 North Law Street, Allentown, Pennsylvania 18102 (hereinafter the "Premises").

9.     Allentown, Pennsylvania is a densely populated city and sits as the county seat for Lehigh County, Pennsylvania.

10.    According to the 2010 U.S. Census, Allentown, Pennsylvania has a total population of over one-hundred thousand persons; the population under eighteen (18) years old is about one quarter of the City's population.

11.    At the time Defendant Five Brothers, Inc. gained possession, custody and/or control of the Premises, the residence contained many person belonging of the prior tenant, including, live ammunition for firearms.

12.    While Defendant Five Brothers, Inc. maintained exclusive control, custody and possession of the property, its agents acting with its permission, at its direction or with its approval, collected the items and materials inside the residence placed them into trash bags, including the ammunition.

13.    Defendant Five Brothers, Inc. placed all the materials gathered into a dark opaque garbage bag.

14.    Defendant Five Brothers, Inc. then placed the dark opaque garbage bags containing the residence's items and materials, including the ammunition, on the street for collection by the Allentown Municipal Waste Management Department.

15.    Defendant Five Brothers, Inc. placed these bags on the street curb, without the use of a trash can or dumpster; Defendant's agents placed and/or abandoned these bags without due regard for the safety of others.

16.    At no time relevant hereto did Defendant Five Brothers, Inc. place warning tags on said garbage bags to reasonably alert any passerby of the dangers contained therein, i.e. live ammunition.

17.     After Defendant Five Brothers, Inc. placed these bags containing the ammunition on the public sidewalk, Plaintiff Rene Rodriguez took some of the discarded bags into his home at 322 North Law Street, Allentown in hopes of finding some materials that could be melted down as scrap metal.

18.     On or about November 14, 2014, Plaintiff Rene Rodriguez attempted to melt, for scrap, some of the discarded items.

19.     Plaintiff Renee Rodriguez applied heat to the items he found in the bags.

20.     Upon applying the heat, residue from the ammunition which covered the materials in the bag, exploded.

21.     Plaintiff Renee Rodriguez was shot by the multitudes of small metal fragments which were propelled from the explosion.

22.     As a result of the explosion, Plaintiff suffered severe, permanent injuries, including but not limited to, loss of sight in the right eye, lost or diminished hearing in both ears, and multiple shrapnel wounds throughout his body causing permanent disfigurement, burns and other traumatic injury.

## COUNT I
## PLAINTIFF RENE RODRIGUEZ
## V.
## DEFENDANT FIVE BROTHERS, INC.
## STRICT LIABILITY

23.     Plaintiff incorporates by reference thereto Paragraphs 1 through 22, inclusive, as though same were set forth herein at length.

24. During the time period in which Defendant Five Brothers, Inc. maintained exclusive possession, custody and control of the Premise, Defendant was engaged in an abnormally dangerous activity, i.e. the disposal of ammunition.

25. In particular, at the date and time Defendant Five Brothers, Inc. came into possession of the Premises, ammunition was already stored in the residence.

26. Defendant Five Brothers, Inc. knew or should have known the contents of the residence to which it took exclusive possession or control.

27. Defendant Five Brothers, Inc. disposal of ammunition created a high degree of risk of harm to persons, land and chattels of others, which cannot be eliminated by the exercise of utmost care.

28. Defendant Five Brothers, Inc. disposal of ammunition was done with the likelihood that any resulting harm would be great.

29. Defendant Five Brothers, Inc. disposal of ammunition through the use of dark, opaque garbage bags is not a matter of common usage in the densely populated City of Allentown, Pennsylvania.

30. The disposal of ammunition through garbage bags cannot be done in a manner that eliminates risk, even with the exercise of reasonable care.

31. Defendant Five Brothers, Inc. disposal of ammunition by placing the garbage bags on the sidewalk was inappropriate to the place where this was carried out; specifically given the density of the population and the high percentage of children who make up the population.

32. The disposal of ammunition by Defendant Five Brothers, Inc. provides no value to the community and is substantially outweighed by its dangerous attributes.

33.	Therefore, Defendant Five Brothers, Inc. engaged in an ultrahazardous activity and is strictly liable for all harm suffered by Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

(A)	award Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, benefits, and other damages in excess of one-hundred and fifty thousand ($150,000.00) dollars, exclusive of interest and costs;

(B)	award reasonable costs and attorney's fees;

(C)	award punitive damages;

(D)	grant any other relief that this court deems just and proper under the circumstance.

**COUNT II**
**PLAINTIFF RENE RODRIGUEZ**
**V.**
**DEFENDANT FIVE BROTHERS, INC.**
**NEGLIGENCE PER SE**

34.	Plaintiff incorporates by reference thereto Paragraphs 1 through 33, inclusive, as though same were set forth herein at length.

35.	Under the law, statutes, regulations and/or ordinances of the Commonwealth of Pennsylvania and the City of Allentown, the ammunition which Defendant Five Brothers, Inc. sought to dispose of was hazardous material/waste.

36. The Commonwealth of Pennsylvania enacted 35 Pa. Cons. Stat. §6018 prescribing the standard of care required in the storage, handling, transportation and disposal of hazardous materials.

37. The Commonwealth of Pennsylvania and the City of Allentown have adopted the aforementioned laws, statutes and ordinances to ensure the safety and quality of life of their citizens and the prevention of serious bodily injury caused by improper disposal of hazardous wastes.

38. Plaintiff is a member of the class of persons which the Commonwealth of Pennsylvania and the City of Allentown sought to protect in enacting the aforementioned law, statutes, regulations and/or ordinances.

39. Defendant Five Brothers, Inc. disposal of ammunition violated the laws, statutes, ordinances and regulations of the Commonwealth of Pennsylvania and the City of Allentown governing the disposal of hazardous material/waste.

40. Specifically, Defendant Five Brothers, Inc. failed to:

    a. maintain such records as are necessary to accurately identify the quantities of hazardous waste generated, the constituents thereof which are significant in quantity or in potential harm to human health or the environment, the method of transportation and the disposition of such wastes; and where applicable, the source and delivery points of such hazardous waste;

    b. label any containers used for the storage, transportation or disposal of such hazardous waste so as to identify accurately such waste;

    c. use containers appropriate for such hazardous waste and for the activity undertaken;

d. furnish information on the general chemical composition of such hazardous waste to persons transporting, treating, storing or disposing of such wastes;

e. use a manifest system as required by the department to assure that all such hazardous waste generated is designated for treatment, storage or disposal in such treatment, storage or disposal facilities (other than facilities on the premises where the waste is generated, where the use of a manifest system is not necessary) approved by the department;

f. transport hazardous waste for treatment, storage or disposal to such treatment, storage or disposal facilities which the shipper has designated on the manifest form as a facility permitted to receive such waste or as a facility not within the Commonwealth;

g. submit reports to the department at such times as the department deems necessary, listing out: (i) the quantities of hazardous waste generated during a particular time period; and (ii) the method of disposal of all hazardous waste;

h. carry out transportation activities in compliance with the rules and regulations of the department and the Pennsylvania Department of Transportation;

i. treat, store and dispose of all such waste in accordance with the rules and regulations of the department and permits, permit conditions and orders of the department;

j. develop and implement contingency plans for effective action to minimize and abate hazards from any treatment, storage, transportation or disposal of any hazardous waste;

k. maintain such operation, train personnel, and assure financial responsibility for such storage, treatment or disposal operations to prevent adverse effects to the public health, safety and welfare and to the environment and to prevent public nuisances; and/or

l. immediately notify the department and the affected municipality or municipalities of any spill or accidental discharge of such waste in accordance with a contingency plan approved by the department and take immediate steps to contain and clean up the spill or discharge.

41. Plaintiff suffered the type of harm sought to be prevented through the laws, statutes, ordinances and/or regulations of the Commonwealth of Pennsylvania and the City of Allentown, when he was severely and permanently injured by the improper and illegal disposal of the ammunition.

42. Defendant Five Brothers, Inc. violation of the laws, statutes, regulations and/or ordinances of the Commonwealth of Pennsylvania and the City of Allentown constitutes **negligence per se.**

43. As a result Defendant Five Brothers, Inc. is liable for all damages suffered by the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, benefits, and other damages in excess of one-

hundred and fifty thousand ($150,000.00) dollars, exclusive of interest and

costs;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the

circumstance.

**COUNT III**
**PLAINTIFF RENE RODRIGUEZ**
**V.**
**DEFENDANT FIVE BROTHERS, INC.**
<u>**NEGLIGENCE**</u>

44.     Plaintiff incorporates by reference thereto Paragraphs 1 through 43, inclusive, as

though same were set forth herein at length.

45.     The negligence of Defendant Five Brothers, Inc. consisted of the following:

a.     allowing the hazardous materials to be put into dark opaque garbage bags and

abandoned on the sidewalk of the Premises, thereby creating a known

hazardous condition which caused Plaintiff to suffer severe injuries;

b.     failing to provide adequate warning of the dangerous condition caused by the

ammunition in the garbage bags removed from the Premises, which caused

Plaintiff to suffer severe injuries;

c.     failing to inspect, keep safe, correct or have corrected or otherwise maintain

and remove the aforementioned hazardous waste, dangerous and/or hazardous

condition, i.e., ammunition in the garbage bags, existing for a long period of

time prior to the happening of Plaintiff's injuries;

10

d. creating a defective, dangerous, hazardous and/or unsafe condition of the Premises i.e., ammunition in the garbage bags, which the Defendants knew or should have known created a hazard;

e. failing to properly and adequately maintain the Premises;

f. failing to provide warning signs that alerted Plaintiff of the aforementioned defective, dangerous, hazardous and unsafe condition of the garbage bags removed from Premises;

g. failing to take reasonable precautions against the aforementioned defective, dangerous, hazardous and unsafe condition of the Premises;

h. failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees and/or representatives of the Defendants herein as to safe and proper procedures for inspecting, maintaining, repairing the Premises, including the proper disposal of hazardous materials from the Premises, which caused Plaintiff's injuries;

i. failing to furnish a reasonable number and distribution of safety personnel and safety equipment to regulate, protect and/or provide warning to Plaintiff regarding the hazardous materials;

j. failing to properly dispose of the aforementioned hazardous materials in a safe and reasonable manner;

k. failing to properly dispose of the aforementioned hazardous materials in compliance with the laws, statutes, regulations and/or ordinances of the Commonwealth of Pennsylvania;

l. failure to respond in a timely manner to the aforementioned insecure, defective, dangerous, hazardous and unsafe condition of the Premises, which Defendant knew or should have known existed and were caused by Defendant's agents; and

m. failing to properly train, supervise or otherwise instruct its employees, agents or workmen in the proper procedure to correct the hazard created by the improper disposal of the ammunition.

46. The circumstances under which Plaintiff was injured were such that said injuries to Plaintiff could not have occurred absent the negligence and carelessness of the Defendant and its agents, servants, workmen and/or employees, while said individuals were acting within the course and scope of their employment and/or agency.

47. The negligence and/or carelessness of the Defendant and/or its agents, servants, workmen, employees, representatives, managers and/or independent contractors of the Defendant herein which occurred within the course and scope of employment and/or agency with the Defendant is imputed to the Defendant and the Defendant is liable for the same.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

(A) award Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, benefits, and other damages in excess of one-hundred and fifty thousand ($150,000.00) dollars, exclusive of interest and costs;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.

## COUNT IV
## PLAINTIFF RENE RODRIGUEZ
## V.
## DEFENDANT FIVE BROTHERS, INC.
## PUNITIVE DAMAGES

48.     Plaintiff incorporates by reference thereto Paragraphs 1 through 47, inclusive, as though same were set forth herein at length.

49.     At all times prior to November 14, 2014, Defendant Five Brothers, Inc. had complete custody, control and possession of the residence at 320 North Law Street, Allentown, Pennsylvania.

50.     During this time Defendant knew or should have known that among the items inside the residence was a quantity of ammunition which posed an extra ordinary threat of harm to others.

51.     During this time Defendant knew or should have known that the area in which the Premise is located is a densely populated area of Lehigh County, with one-fourth of its population comprising of children under the age of eighteen years old.

52.     During this time Defendant knew or should have known the proper manner to dispose of said hazardous waste, as required under the laws, statures, regulations and/or ordinances of the Commonwealth of Pennsylvania and the City of Allentown.

13

53.     Despite this knowledge and the duty imposed upon Defendant Five Brothers by law, it chose to discard the ammunition in trash bags for pick up by the Allentown Municipal Sanitation Department.

54.     The Defendant's actions were done with reckless indifference to the rights of others.

55.     Defendant Five Brothers, Inc. deliberately proceeded to act or failed to act in conscious disregard of, or indifference to, a high degree of risk of physical harm to another of which the actor knows or has reason to know would produce said harm.

56.     Defendant is therefore liable for punitive damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, benefits, and other damages in excess of one-hundred and fifty thousand ($150,000.00) dollars, exclusive of interest and costs;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.

## COUNT V
## PLAINTIFF RENE RODRIGUEZ
## V.
## DEFENDANT FIVE BROTHERS, INC

57.     Plaintiff incorporates by reference thereto Paragraphs 1 through 57, inclusive, as though same were set forth herein at length.

58.     As a direct and proximate result of the conduct of Defendant Five Brothers, Inc., Plaintiff Rene Rodriguez sustain severe and debilitating personal injuries including, but not limited to, loss of sight in the right eye, lost or diminished hearing in both ears, and multiple shrapnel wounds throughout his body causing permanent disfigurement, all or some of which injuries are or will prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and will for an indefinite time into the future suffer, all to Plaintiff's detriment and loss.

59.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez has incurred and in the future will incur expenses for the treatment of injuries, has been disabled and in the future will be disabled and not able to perform usual functions and has been caused and in the future will be caused  pain and suffering.

60.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez has been obligated to receive and undergo medical attention and care for the injuries, to incur various expenses for said care and may be obligated to continue to expend such sums and to incur such expenses for an indefinite period of time in the future.

61.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez may suffer severe loss of income and earning capacity in the future.

62.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez has been unable to attend to daily chores, duties and occupations and may be unable to do so for an indefinite time in the future.

63.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez has or may hereafter incur other financial expenses or losses to which he may otherwise be entitled to recover.

64.     As a direct and proximate result of conduct of Defendant, Plaintiff Rene Rodriguez has suffered physical pain, mental anguish, humiliation, inconveniences and loss of life's pleasures and may continue to suffer the same for an indefinite time in the future.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court:

(A)     award Plaintiff compensatory damages including but not limited to physical and emotional pain and suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, embarrassment, humiliation, depression, loss of reputation, loss of promotional opportunity, benefits, and other damages in excess of one-hundred and fifty thousand ($150,000.00) dollars, exclusive of interest and costs;

(B)     award reasonable costs and attorney's fees;

(C)     award punitive damages;

(D)     grant any other relief that this court deems just and proper under the circumstance.

# JURY DEMAND

Plaintiff demands a trial a jury of 12 members.

Respectfully Submitted,

Date: 4/24/15

_____
Michael T. van der Veen
Attorney for Plaintiffs
Pennsylvania Bar No. 75616
The Law Offices of Michael T. van der Veen
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
F: (215) 546-8529
mtv@mtvlaw.com